UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARENA O.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C23-5091 RSM

**ORDER AFFIRMING AND DISMISSING CASE**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the Administrative Law Judge (ALJ) erred by rejecting her symptom testimony and the medical opinions of Dr. Ruddell and Dr. Gibson. Dkt. 12. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 48 years old, has at least a high school education, and has worked as a solid waste worker and bus driver. Admin. Record (AR) 31. In October 2018, Plaintiff applied for benefits, alleging disability as of February 15, 2018. AR 78–79, 92–93. Plaintiff's applications were denied initially and on reconsideration. AR 90, 105. After the ALJ conducted a hearing on April 6, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 12–75.

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1.  **Plaintiff's Testimony**

Plaintiff testified she is unable to work because of lower back, hip, and knee pain. AR 54. She stated that typically she is only able to stand or walk for 20 minutes, sit for up to two hours before she goes numb, and lift a gallon of milk. AR 60–62. She explained that she sometimes experiences "flares" of pain, and when she does, she is only able to stand or walk for 10 minutes, sit for 20 minutes before she goes numb, and is unable to lift even a gallon of milk. AR 58–62. She explained she has "bad flares" three to four times a year and "less extreme flares" monthly. AR 58–60. She stated that during her flares, she spends most of her time in bed and she cannot do household chores. AR 55–57, 61. She stated she has had injections for her knee, participated in physical therapy, and takes medication for her pain, but have not found them effective. AR 51, 55.

As for her mental health, Plaintiff testified to having anxiety and depression. AR 63. She explained she has panic attacks once a week that can last for days, and when she does, she does not leave her room or interact with anyone. AR 63. She also stated that her physical and mental health symptoms have affected her ability to interact with family members, including her

parents, whose house she lives in. AR 66. She explained she often isolates herself twice a week. AR 66–67.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ first rejected Plaintiff's testimony regarding her physical symptoms due to her treatment history. AR 23. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shahala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). The ALJ explained that despite Plaintiff's statements regarding the severity of her pain, her treating sources limited her treatment to medication, steroid injections, and physical therapy. AR 23, 429–468. The evidence the ALJ relied on indicates that based on these measures, Plaintiff experienced improvement, as the record includes consistent reports of relief in her condition and improved ability to function. *See* AR 429–65 (noting Plaintiff's "ADL function is improved on treatment" from February 2018 to May 2019), 538 ("Patient notes adequate pain relief on current regimen."), 542 ("ADL function is improved on treatment."), 545 (same). These reports of improvement support the ALJ's decision to reject Plaintiff's testimony as "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec.*

ORDER AFFIRMING AND DISMISSING
CASE - 3

*Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Plaintiff argues the ALJ's finding of improvement ignored the effects of her "flares." Dkt. 12 at 3–5. But Plaintiff's record includes notes of continuous improvement throughout the relevant period, therefore the ALJ could infer the effects of these flares were not as severe as Plaintiff alleged, especially considering Plaintiff testified the flares occurred throughout the year or monthly, depending on the extremity. Thus, in rejecting Plaintiff's testimony about her physical symptoms based on her treatment, the ALJ did not err.

Plaintiff also argues the ALJ's residual functional capacity (RFC) assessment failed to account for these flares. Dkt. 12 at 3. But as the ALJ's finding of improvement was proper, Plaintiff has failed to show the RFC did not include all the credible limitations contained in the record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record).

In rejecting Plaintiff's testimony regarding her mental health symptoms, the ALJ also pointed to Plaintiff's treatment history. AR 25. The ALJ first noted that despite Plaintiff's mental diagnoses, there were little treatment records to demonstrate the alleged severity of Plaintiff's mental health symptoms. *Id*. The ALJ also took note that Plaintiff encountered different external stressors that could have contributed to her condition. AR 432, 440, 448, 529. Further, the ALJ found that the treatment notes that do focus on Plaintiff's mental health show her symptoms improved and were controlled from medication. AR 432 ("states she has a good support system and that her depression/anxiety medications are effective and allow her to tend to daily living tasks"), 448 ("Patient has not had any side effects on her antidepressants and feels they are doing enough and she does not need a counselor at this time."), 461, 545, 547. Given

Plaintiff's conservative treatment and reports of improvement, the ALJ also reasonably rejected Plaintiff's testimony about her mental health symptoms.

Plaintiff argues the ALJ did not consider that her symptoms waxed and waned in the course of her treatment and cites to treatment notes where Plaintiff reported to having "abrupt surges of intense fear or intense discomfort." Dkt. 12 at 6; AR 710, 730. Yet the same treatment notes show Plaintiff herself believed such occurrences were related to "past negative life events or specifically identified and transient situations," indicating they are caused by situational stressors, as the ALJ noted. AR 25, 710. The same notes also show that despite these "surges," Plaintiff nonetheless had normal thought process and association, thought content, and judgment and insight. AR 730.

The ALJ also noted Plaintiff's ability to participate in certain activities undermined her testimony. AR 23. An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ highlighted Plaintiff's ability to exercise for two days week for at least 30 minutes and walk her dog, go on a cruise with air flight for 15 days, and vacation in Europe for two weeks. AR 438–41, 456–48, 529, 531, 605. Plaintiff argues the ALJ ignored the fact that she could only perform certain activities when she was not experiencing her flares of pain, but her 30-minute exercises nonetheless negate her testimony that even without the flares, she can only stand or walk for 20 minutes. AR 60–62. Further, that Plaintiff was able to spend time outside her home for weeks at a time directly contradicts her testimony that due to both her physical and mental health symptoms, she isolates herself in her room twice a week. AR 66. The ALJ, therefore, reasonably rejected Plaintiff's testimony based on her activities and did not err in doing so.

ORDER AFFIRMING AND DISMISSING
CASE - 5

The ALJ also found objective medical evidence negated Plaintiff's testimony. AR 23, 25–26. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Plaintiff's physical examinations showed full strength in both of her extremities, normal range of motion in her back, and mild swelling with her knee. AR 532, 559, 582, 642. Plaintiff's mental status findings similarly showed normal findings despite her depressed mood and anxiety, as she was often found to have normal and intact judgment, insight, and thought process. AR 429, 441, 445, 447, 449, 452, 457, 493–94, 541, 559, 565–66. Plaintiff's normal physical examinations and mental status findings do not support Plaintiff's allegations that her physical and mental symptoms greatly limited her functioning. Therefore, the ALJ did not err in rejecting her testimony based on the objective medical evidence.

In sum, by providing at least one valid reason, supported by substantial evidence, to reject Plaintiff's testimony, the ALJ did not err.

### 2. Medical Opinion Evidence

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." ! *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation

supported by substantial evidence." *Woods*, 32 F.4th at 792.

        **a.**     **Dr. Ruddell**

Dr. Ruddell completed a psychological evaluation of Plaintiff in November 2018 and diagnosed Plaintiff with anxiety and depression. AR 383. Dr. Ruddell opined that based on these impairments, Plaintiff has marked limitations in adapting to changes in a routine work setting, completing a normal work day and work week without interruptions from psychologically based symptoms, and setting realistic goals and planning independently. AR 384.

The ALJ rejected Dr. Ruddell's opinion because it was inconsistent with Plaintiff's treatment history. AR 27. In doing so, the ALJ cited the same treatment notes from the Court's discussion of the ALJ's evaluation of Plaintiff's testimony about her mental health. *Id*. As discussed, Plaintiff's record shows she was often found to have normal mental findings, despite her depression and anxiety. AR 429, 441, 445, 447, 449, 452, 457, 493–94, 541, 559, 565–66. Plaintiff's treatment notes also reveal her mental health symptoms improved and were controlled from medication. AR 432, 448, 461, 545, 547. When considering a medical opinion's consistency, the ALJ must consider how consistent it is with evidence "from other medical sources and nonmedical sources in [Plaintiff's] claim." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Given the normal mental status findings and numerous reports of improvement in Plaintiff's record, the ALJ reasonably rejected Dr. Ruddell's opinion for its inconsistency and did not err in doing so.

        **b.**     **Dr. Gibson**

Dr. Gibson completed an evaluation of Plaintiff in March 2019 and diagnosed Plaintiff with anxiety and depression. AR 398. Dr. Gibson opined Plaintiff would have difficulty in

ORDER AFFIRMING AND DISMISSING
CASE - 7

maintaining regular attendance and completing a normal workday/workweek without interruptions from a psychiatric condition, and with dealing with the usual stress encountered in the workplace.  AR 398.

  The ALJ first rejected Dr. Gibson's opinion because it was not supported by the results of his mental status examination, which shows Plaintiff had normal concentration.  AR 28, 398.  When considering a medical opinion's supportability, an ALJ must consider how a medical source supports his or her medical opinion with relevant explanations and objective medical evidence.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The ALJ's reasoning is not persuasive here, as Plaintiff's ability to concentrate does not necessarily undermine Dr. Gibson's finding that Plaintiff would have difficulty with her attendance and dealing with work-related stress.  How a claimant is able to focus on a task does not necessarily indicate that the claimant will be able to present for work consistently and respond appropriately to the demands of a workplace.

  However, the ALJ permissibly rejected Dr. Gibson's opinion for its inconsistency with Plaintiff's longitudinal record.  AR 28.  As discussed, Plaintiff's record shows she was often found to have normal mental findings, despite her depression and anxiety.  AR 429, 441, 445, 447, 449, 452, 457, 493–94, 541, 559, 565–66.  Plaintiff's treatment notes also reveal her mental health symptoms improved and were controlled from medication.  AR 432, 448, 461, 545, 547.  Plaintiff's normal mental status findings and reports of controlled improvement undercuts Dr. Gibson's opinion, as they contrast with his findings that Plaintiff would have difficulty attending and completing work without interruptions, as well as dealing with work-related stress based on her anxiety and depression.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  Thus, in rejecting Dr. Gibson's opinion, the ALJ did not err.

  The ALJ also provided other reasons to reject both medical opinions.  AR 27–28.  But

because the ALJ provided at least one valid reason to reach each opinion and that reason is supported by substantial evidence, the Court need not discuss the other reasons proffered by the ALJ.  Even if those reasons were erroneous, they would be deemed harmless.  *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 31st day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING AND DISMISSING
CASE - 9